IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM D. FERRARI and
PHOENIX CAPITAL GROUP
HOLDINGS, LLC,

                    *Plaintiffs*,

            v.

FORBES MEDIA LLC,

                    *Defendant.*

Civil Action No. 25-cv-12-GBW

**PLAINTIFFS ADAM FERRARI'S AND PHOENIX'S
OPPOSITION TO
FORBES' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

Dated: February 28, 2025

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Thomas A. Clare, P.C. (*pro hac vice*)
Joseph R. Oliveri (*pro hac vice*)
David Sillers (*pro hac vice*)
Telephone: (202) 628-7400
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
tom@clarelocke.com
joe@clarelocke.com
david@clarelocke.com

*Attorneys for Plaintiffs Adam D. Ferrari
and Phoenix Energy One, LLC (f/k/a
Phoenix Capital Group Holdings, LLC)*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ....................................................................................................... 1

ARGUMENT .............................................................................................................. 1

I.       Forbes Ignores the Substantial Showing It Must Make to Obtain a Stay of
Discovery. ....................................................................................................... 1

II.      Forbes Cannot Satisfy Its Burden to Demonstrate That a Stay of Discovery Is
Warranted. ...................................................................................................... 3

          A.    Staying Discovery Will Not Simplify the Issues for Trial—The Issues in
This Case Are Fact-Intensive and Require Development of the Record. ............... 3

          B.    The Status of the Litigation Does Not Favor a Stay of Discovery. ........................ 5

          C.    Plaintiffs Would Be Substantially Prejudiced by a Stay of Discovery. ................... 7

          D.    Forbes Will Not Be Prejudiced by Moving Forward With Discovery. ................... 9

CONCLUSION ........................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*,
   2012 WL 12918261 (D.N.J. July 18, 2012)....................................................... 8

*Advanced Gynecology & Laparoscopy of N. Jersey, P.C. v.*
   *Cigna Health & Life Ins. Co.*,
   2023 WL 11990009 (D.N.J. Feb. 7, 2023) ................................................. 1, 2, 3, 5

*Akishev v. Kapustin*,
   23 F. Supp. 3d 440 (D.N.J. 2014) ...................................................................... 9

*Am. Neighborhood Mortg. Acceptance Co. v. CrossCountry Mortg., Inc.*,
   2022 WL 19728870 (D.N.J. July 15, 2022)...................................................... 1, 2

*Ashcroft v. Free Speech Coal.*,
   535 U.S. 234 (2002)............................................................................................ 6

*Bataan Licensing LLC v. DentalEZ, Inc.*,
   2023 WL 143991 (D. Del. Jan. 10, 2023)......................................................... 4, 7

*Boese v. Paramount Pictures Corp.*,
   952 F. Supp. 550 (N.D. Ill. 1996) ...................................................................... 5

*Byorth v. USAA Cas. Ins. Co.*,
   2020 WL 5232485 (D. Mont. Sept. 2, 2020)...................................................... 5

*Celorio v. On Demand Books LLC*,
   2013 WL 4506411 (D. Del. Aug. 21, 2013)....................................................... 4

*Cipla USA, Inc. v. Ipsen Biopharms., Inc.*,
   2022 WL 3139096 (D. Del. Aug. 5, 2022)........................................................ 3, 4

*Cooper Notification, Inc. v. Twitter, Inc.*,
   2010 WL 5149351 (D. Del. Dec. 13, 2010) ...................................................... 3, 9

*Creativ Pultrusions, Inc. v. Cooper B-Line, Inc.*,
   2019 WL 4058660 (W.D. Pa. Aug. 27, 2019).................................................... 2

*Crittendon-Morman v. Schuelke*,
   2024 WL 5381417 (D. Colo. Dec. 11, 2024),
   *adopted sub nom. Crittendon-Morman v. Lara*,
   2025 WL 29736 (D. Colo. Jan. 6, 2025).......................................................... 8

*Deltona Corp. v. Bailey*,
  336 So. 2d 1163 (Fla. 1976) ........................................................................... 6

*Ehrenhaus v. Reynolds*,
  965 F.2d 916 (10th Cir. 1992) ...................................................................... 8

*First Am. Title Ins. Co. v. MacLaren, L.L.C.*,
  2012 WL 769601 (D. Del. Mar. 9, 2012) ..................................................... 4

*Foretich v. United States*,
  351 F.3d 1198 (D.C. Cir. 2003) .................................................................... 9

*Gerald Chamales Corp. v. Oki Data Ams., Inc.*,
  247 F.R.D. 453 (D.N.J. 2007) ............................................................... 1, 2, 8

*High 5 Games, LLC v. Marks*,
  2018 WL 4462477 (D.N.J. Sept. 18, 2018) .................................................. 2

*Hovermale v. Sch. Bd. of Hillsborough Cnty. Fla.*,
  128 F.R.D. 287 (M.D. Fla. 1989) ................................................................. 6

*In re Maritas*,
  664 B.R. 670 (Bankr. W.D. Pa. 2024) ......................................................... 4

*Inpria Corp. v. Lam Rsch. Corp.*,
  2024 WL 2111989 (D. Del. May 3, 2024) .................................................... 2

*Jankow ex rel. Stericycle, Inc. v. Alutto*,
  2018 WL 6499869 (D. Del. Dec. 11, 2018) ................................................. 4

*Kiley v. Tumino's Towing, Inc.*,
  2019 WL 2432121 (D.N.J. June 10, 2019) .............................................. 2, 3, 5

*Krass v. Obstacle Racing Media, LLC*,
  2021 WL 4824110 (N.D. Ga. Feb. 2, 2021) ................................................. 5

*Landers v. Nat'l R.R. Passenger Corp.*,
  345 F.3d 669 (8th Cir. 2003) ........................................................................ 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ....................................................................................... 9

*Lawnwood Med. Ctr. Inc. v. Sadow*,
  43 So. 3d 710 (Fla. 4th DCA 2010) ............................................................. 6

*Mann v. Brenner*,
  375 F. App'x 232 (3d Cir. 2010) .................................................................. 4

*Manno v. Am. Gen. Fin. Co.*,
  439 F. Supp. 2d 418 (E.D. Pa. 2006) ........................................................................... 5

*Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*,
  2014 WL 6610932 (M.D. Fla. Nov. 21, 2014) ............................................................ 6

*Miami Herald Publ'g Co. v. Ane*,
  458 So. 2d 239 (Fla. 1984) ........................................................................................... 6

*Odes v. Harris*,
  2013 WL 11942260 (S.D. Fla. Mar. 4, 2013) ............................................................. 6

*Optical Air Data Sys., LLC v. L-3 Commc'ns Corp.*,
  2020 WL 2563698 (Del. Super. Ct. May 21, 2020) ................................................... 4

*Orlando Sports Stadium, Inc. v. Sentinel Star Co.*,
  316 So. 2d 607 (Fla. 4th DCA 1975) ........................................................................... 6

*Personalized User Model, L.L.P. v. Google, Inc.*,
  2012 WL 5379106 (D. Del. Oct. 31, 2012) ............................................................ 3, 9

*Rasmussen v. S. Fla. Blood Serv., Inc.*,
  500 So. 2d 533 (Fla. 1987) ........................................................................................... 6

*Reflection Window & Wall, LLC v. Talon Wall Holdings, LLC*,
  2024 WL 1376135 (N.D. Ill. Mar. 31, 2024) .............................................................. 5

*Renuen Corp. v. Lameira*,
  2015 WL 1138462 (M.D. Fla. Mar. 13, 2015) ........................................................... 6

*Richardson v. Verde Energy USA, Inc.*,
  2016 WL 4478839 (E.D. Pa. Aug. 25, 2016) ........................................................... 8, 9

*RideShare Displays, Inc. v. Lyft, Inc.*,
  2021 WL 7286931 (D. Del. Dec. 17, 2021) ................................................................. 7

*Safe Haven Baby Boxes v. Safe Haven for Newborns Gloria M. Silverio Found.*,
  2024 WL 4416815 (M.D. Fla. Oct. 4, 2024) ............................................................... 3

*Shire US, Inc. v. Allergan, Inc.*,
  2018 WL 10152305 (D.N.J. June 6, 2018) ................................................................... 2

*Smart Commc'ns Holding, Inc. v. Glob. Tel-Link Corp.*,
  638 F. Supp. 3d 430 (M.D. Pa. 2022),
  *vacated in part on other grounds*, 2023 WL 8866555 (3d Cir. Dec. 22, 2023) ........ 4

*Solis v. Okeechobee Shooting Sports, LLC*,
    2020 WL 3089094 (S.D. Fla. Mar. 26, 2020),
    *adopted*, 2020 WL 3089091 (S.D. Fla. Apr. 20, 2020) ...................................................... 4

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*,
    193 F. Supp. 3d 345 (D. Del. 2016) ............................................................................................ 2

*United Healthcare Servs., Inc. v. Teva Pharms. USA, Inc.*,
    2023 WL 6558058 (D.N.J. May 11, 2023) ...................................................................... 1, 2, 9

*Vasquez v. Whole Foods Mkt., Inc.*,
    2023 WL 2663019 (D.D.C. Mar. 28, 2023) ............................................................................. 5

*Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*,
    2019 WL 126192 (D. Del. Jan. 8, 2019) ............................................................................... 2, 9

*Willman v. Farmington Area Pub. Sch. Dist. (ISD 192)*,
    655 F. Supp. 3d 797 (D. Minn. 2023) ....................................................................................... 5

*Zuru, Inc. v. Glassdoor, Inc.*,
    614 F. Supp. 3d 697 (N.D. Cal. 2022) ...................................................................................... 4

## INTRODUCTION

Forbes' request to stay discovery boils down to a single contention that Forbes repackages in multiple forms: "A stay of discovery in this matter is appropriate" because "if the motion to dismiss is granted it will dispose of the case in its entirety, rendering all discovery futile." (D.I. 18 at 2; *see also id.* at 4-5, 7.) But *"it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." E.g.*, *United Healthcare Servs., Inc. v. Teva Pharms. USA, Inc.*, 2023 WL 6558058, at *2 n.2 (D.N.J. May 11, 2023); *Advanced Gynecology & Laparoscopy of N. Jersey, P.C. v. Cigna Health & Life Ins. Co.*, 2023 WL 11990009, at *2 (D.N.J. Feb. 7, 2023); *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).[1]

As explained below, Forbes cannot come close to satisfying its burden—which it does not even acknowledge—to demonstrate good cause for the "disfavored" remedy of a stay of discovery. Indeed, not only does Forbes fail to show that the factors courts consider when determining whether to depart from normal practice and stay discovery favor granting a stay, but those factors weigh strongly against staying discovery.

## ARGUMENT

### I.    Forbes Ignores the Substantial Showing It Must Make to Obtain a Stay of Discovery.

Although Forbes correctly notes that this Court has discretion whether or not to stay discovery during the pendency of its motion to dismiss, it wrongly suggests that such stays are routine. They are not.

"[M]otions to stay discovery are disfavored." *E.g.*, *Am. Neighborhood Mortg. Acceptance Co. v. CrossCountry Mortg., Inc.*, 2022 WL 19728870, at *2 (D.N.J. July 15, 2022); *Creativ*

---

[1] Emphases added unless otherwise noted.

*Pultrusions, Inc. v. Cooper B-Line, Inc.*, 2019 WL 4058660, at *3 (W.D. Pa. Aug. 27, 2019). They are disfavored because courts have a "responsibility to keep [their] docket[s] moving, so that [they] can provide litigants with timely and effective resolution of their claims." *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019). In addition, "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Am. Neighborhood Mortg.*, 2022 WL 19728870, at *2; *Creativ Pultrusions*, 2019 WL 4058660, at *3; *Advanced Gynecology*, 2023 WL 11990009, at *2; *Kiley v. Tumino's Towing, Inc.*, 2019 WL 2432121, at *4 (D.N.J. June 10, 2019). And discovery stays are disfavored because the "[p]laintiff has the right to move its action forward," and may be prejudiced by having "to wait an indefinite period of time to pursue its claims." *United Healthcare*, 2023 WL 6558058, at *2 n.2.

Accordingly, although Forbes does not acknowledge it, Forbes "has the burden of overcoming this disfavor by showing 'good cause.'" *Shire US, Inc. v. Allergan, Inc.*, 2018 WL 10152305, at *1 (D.N.J. June 6, 2018); *United Healthcare*, 2023 WL 6558058, at *2; *Advanced Gynecology*, 2023 WL 11990009, at *2. And, critically, ***"it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."*** *E.g.*, *Kiley*, 2019 WL 2432121, at *2; *Advanced Gynecology*, 2023 WL 11990009, at *2; *High 5 Games, LLC v. Marks*, 2018 WL 4462477, at *3 (D.N.J. Sept. 18, 2018); *Gerald Chamales*, 247 F.R.D. at 454.

Rather, "to prevail on a motion to stay, [Forbes] must show that the record *affirmatively supports* a stay." *Inpria Corp. v. Lam Rsch. Corp.*, 2024 WL 2111989, at *3 (D. Del. May 3, 2024) (emphasis in original); *accord Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 353 (D. Del. 2016) (it is not sufficient that the "[m]otion could go either

way," the movant must "show[] that the equities tilt in its favor"). In determining whether the movant has shown good cause for a stay, courts generally consider three factors: (1) "whether a stay will simplify the issues for trial," (2) "the status of the litigation," and (3) "whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Cipla USA, Inc. v. Ipsen Biopharms., Inc.*, 2022 WL 3139096, at *1 (D. Del. Aug. 5, 2022). Courts also consider whether the moving party can "articulate a clear hardship or inequity [it] would suffer in the absence of a stay." *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010); *Personalized User Model, L.L.P. v. Google, Inc.*, 2012 WL 5379106, at *1 (D. Del. Oct. 31, 2012).

## II. Forbes Cannot Satisfy Its Burden to Demonstrate That a Stay of Discovery Is Warranted.

Forbes cannot come close to satisfying its burden to demonstrate that the Court should depart from normal practice and stay discovery.

### A. Staying Discovery Will Not Simplify the Issues for Trial—The Issues in This Case Are Fact-Intensive and Require Development of the Record.

Forbes' only argument as to how granting a stay of discovery will simplify the issues for trial is that if the Court grants Forbes' motion to dismiss, "Plaintiffs will not be entitled to discovery." (D.I. 18 at 4.) But that is true of every potentially dispositive motion,[2] and, again, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *E.g.*, *Kiley*, 2019 WL 2432121, at *2; *Advanced Gynecology*, 2023 WL 11990009, at *2. Rather, in evaluating this factor, the Court "must assess *all* of the

---

[2] Forbes' motion to dismiss "is not [even] truly case dispositive" because "Plaintiff[s] may well cure [any] pleading deficiencies identified by [Forbes]," if the Court believes there are any. *Safe Haven Baby Boxes v. Safe Haven for Newborns Gloria M. Silverio Found.*, 2024 WL 4416815, at *1-2 (M.D. Fla. Oct. 4, 2024). "'This fact militates against granting the requested stay.'" *Id.*

possible outcomes of [the decision on the motion to dismiss] not just the potential outcome most favorable to the party seeking the stay.'" *Cipla USA*, 2022 WL 3139096, at *1 (emphasis in original; citation omitted).

As Forbes' own caselaw demonstrates, courts have generally held that a stay will simplify the issues for trial when patent cases involve a validity/invalidity determination that could moot fact-specific infringement claims,[3] when there is a parallel or underlying case or proceeding that will resolve issues relevant to the case,[4] or when the plaintiff seeks discovery for an improper purpose.[5] None is the case here. Rather, it is imperative that the parties promptly begin discovery because, as courts in Delaware and elsewhere have repeatedly recognized, "defamation claims are fact intensive" and require substantial record development before summary judgment and trial. *E.g.*, *Optical Air Data Sys., LLC v. L-3 Commc'ns Corp.*, 2020 WL 2563698, at *2 (Del. Super. Ct. May 21, 2020); *In re Maritas*, 664 B.R. 670, 678 (Bankr. W.D. Pa. 2024); *Solis v. Okeechobee Shooting Sports, LLC*, 2020 WL 3089094, at *7 (S.D. Fla. Mar. 26, 2020), *adopted*, 2020 WL 3089091 (S.D. Fla. Apr. 20, 2020). Indeed, courts have specifically described as "fact-intensive" the very issues Forbes has indicated it disputes in defending Plaintiffs' claims, including whether a statement or implication is one of fact or opinion,[6] whether a statement or implication is

---

[3] *Bataan Licensing LLC v. DentalEZ, Inc.*, 2023 WL 143991, at *1-2 (D. Del. Jan. 10, 2023).

[4] *First Am. Title Ins. Co. v. MacLaren, L.L.C.*, 2012 WL 769601, at *6 (D. Del. Mar. 9, 2012) (underlying state court action); *Jankow ex rel. Stericycle, Inc. v. Alutto*, 2018 WL 6499869, at *2 (D. Del. Dec. 11, 2018) (parallel litigation); *Celorio v. On Demand Books LLC*, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (patent reexamination proceeding).

[5] *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (plaintiff wanted discovery to learn facts to use to oppose Rule 12(b)(6) motion).

[6] *E.g.*, *Smart Commc'ns Holding, Inc. v. Glob. Tel-Link Corp.*, 638 F. Supp. 3d 430, 448 (M.D. Pa. 2022), *vacated in part on other grounds*, 2023 WL 8866555 (3d Cir. Dec. 22, 2023); *Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 705 (N.D. Cal. 2022).

substantially true,[7] whether a statement or implication is defamatory,[8] whether a plaintiff is a private or public figure,[9] whether a defendant acted with actual malice[10] or negligence,[11] and whether punitive damages are appropriate.[12]  Discovery is thus *necessary* to develop (and thereby simplify) the issues for trial, and delaying the start of discovery will frustrate simplification and resolution of the issues to be presented at trial.

### B.    The Status of the Litigation Does Not Favor a Stay of Discovery.

Forbes contends that the status of this case favors a stay because the case is in its early stages and discovery may lead to disputes that the Court will need to resolve.  (D.I. 18 at 5-6.)  But neither consideration warrants staying discovery.

To begin, although a case being in its early stages may, in the abstract, favor a stay insofar as the parties have "'invested relatively few resources' [in the case] to date" (D.I. 18 at 5), that is true in every case in which a defendant moves to dismiss under Rule 12(b)(6).  And, once again, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."  *E.g.*, *Kiley*, 2019 WL 2432121, at *2; *Advanced Gynecology*, 2023 WL 11990009, at *2.

Moreover, the parties have already begun discovery.  The parties held a Rule 26(f) conference on February 11, 2025 and have exchanged initial disclosures, and Plaintiffs have served

---

[7] *E.g.*, *Reflection Window & Wall, LLC v. Talon Wall Holdings, LLC*, 2024 WL 1376135, at *6 (N.D. Ill. Mar. 31, 2024).

[8] *E.g.*, *Landers v. Nat'l R.R. Passenger Corp.*, 345 F.3d 669, 672 (8th Cir. 2003).

[9] *E.g.*, *Krass v. Obstacle Racing Media, LLC*, 2021 WL 4824110, at *2 (N.D. Ga. Feb. 2, 2021).

[10] *E.g.*, *Willman v. Farmington Area Pub. Sch. Dist. (ISD 192)*, 655 F. Supp. 3d 797, 812 (D. Minn. 2023); *Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 430 (E.D. Pa. 2006); *Boese v. Paramount Pictures Corp.*, 952 F. Supp. 550, 559-60 (N.D. Ill. 1996).

[11] *E.g.*, *Vasquez v. Whole Foods Mkt., Inc.*, 2023 WL 2663019, at *6 (D.D.C. Mar. 28, 2023).

[12] *E.g.*, *Byorth v. USAA Cas. Ins. Co.*, 2020 WL 5232485, at *1 (D. Mont. Sept. 2, 2020).

discovery requests and proposed a scheduling order to Forbes. Plus, as explained above, defamation claims are "fact-intensive," and that is especially true of the defenses Forbes has indicated that it will raise in this case. (*See supra* Argument Part II.A and cases cited therein.) The resolution of fact-intensive issues requires record development, which requires discovery, so it is critical that the parties begin discovery promptly lest the case be especially delayed in its resolution.

Forbes' contention about (hypothetical) discovery disputes misses the mark. While the parties may ultimately dispute various discovery requests, there will be many on which the parties agree, and there is no reason not to begin with those areas of agreement. And the fact that other discovery disputes may lead to motions practice—which could require substantial time for resolution—simply highlights the need to promptly begin discovery. Moreover, although Forbes telegraphs its intent to assert various privileges, it is well-settled that "[t]he freedom of speech ... does not embrace ... defamation." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245-46 (2002).[13]

---

[13] In a footnote, Forbes suggests that Florida law may apply to certain questions in this case, and asserts that fact favors staying discovery. (D.I. 18 at 6 n.2.) Forbes is wrong. Florida law favors "broad discovery in order to advance the state's important interest in the fair and efficient resolution of disputes," *Rasmussen v. S. Fla. Blood Serv., Inc.*, 500 So. 2d 533, 535 (Fla. 1987), and, as such, Florida courts (both state and federal) have emphasized that "a stay of discovery pending ruling on a motion to dismiss" is "rarely appropriate" and "should be the exception rather than the rule," *Odes v. Harris*, 2013 WL 11942260, at *1 (S.D. Fla. Mar. 4, 2013); *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, 2014 WL 6610932, at *2 (M.D. Fla. Nov. 21, 2014); *Deltona Corp. v. Bailey*, 336 So. 2d 1163, 1170 (Fla. 1976). This is especially true in defamation cases because of "[t]he singular protection afforded by Florida law to personal reputation in actions for defamation." *Lawnwood Med. Ctr. Inc. v. Sadow*, 43 So. 3d 710, 727 (Fla. 4th DCA 2010); *Miami Herald Publ'g Co. v. Ane*, 458 So. 2d 239, 241 (Fla. 1984) ("Florida's concern for individual reputation is reflected in ... the Florida Constitution."); *see also, e.g.*, *Renuen Corp. v. Lameira*, 2015 WL 1138462, at *3 (M.D. Fla. Mar. 13, 2015) (defamation case; denying motion to stay discovery pending ruling on motion to dismiss); *Hovermale v. Sch. Bd. of Hillsborough Cnty. Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989) (same); *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607, 611 (Fla. 4th DCA 1975) (trial court abused its discretion by staying deposition discovery pending resolution of motion to dismiss).

Finally, Forbes' suggestion that proceeding with discovery now is not necessary because Plaintiffs "proposed a trial date nearly two years from now" during the parties' Rule 26(f) conference (D.I. 18 at 3) is disingenuous. Plaintiffs proposed trial dates sooner than that, but *Forbes* stated that it would likely not agree to an earlier trial date.

### C.    Plaintiffs Would Be Substantially Prejudiced by a Stay of Discovery.

Forbes contends that a stay of discovery would not prejudice Plaintiffs because (1) Forbes and Plaintiffs "are not competitors," (2) there is supposedly "no threat that evidence will turn stale or be lost" because "Forbes is complying with its duty to preserve evidence," and (3) "Plaintiffs have not identified any urgency in bringing this claim to trial." (D.I. 18 at 6-7.) But Forbes' contentions, again, miss the mark and ignore substantial prejudice that Plaintiffs will suffer if discovery is stayed.

*First*, it is irrelevant that Forbes and Plaintiffs "are not competitors." As Forbes' own caselaw makes clear, whether the parties are competitors is only a consideration in patent infringement cases because in those cases, "delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement ... including the potential for loss of market share and an erosion of goodwill." *Bataan*, 2023 WL 143991, at *2. The fact that parties to a non-patent case are not competitors does not favor granting a stay. *See RideShare Displays, Inc. v. Lyft, Inc.*, 2021 WL 7286931, at *1 (D. Del. Dec. 17, 2021) ("The court has previously recognize[d] that delay inherently harms a non-moving party by prolonging resolution of the dispute, even if the party is not currently a direct competitor.").

*Second*, even if "Forbes is complying with its duty to preserve evidence," discovery in this case will involve *non-party* discovery—both documentary and testimonial. And during the course of an indefinite stay, "[m]emories fade, records are lost or destroyed as time wears on, and

employees get fired, are transferred, or quit"—which constitutes prejudice to the nonmoving party. *Richardson v. Verde Energy USA, Inc.*, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016).

*Third*, Forbes is just wrong that Plaintiffs have not acted with urgency in advancing their claims. Forbes published its defamatory article on October 8, 2024. (Compl. ¶ 53.) Plaintiffs demanded its retraction just days later. (*Id.* ¶¶ 80, 82.) And when it became clear that Forbes would not retract its article, Phoenix promptly filed this defamation suit—fewer than two months after the article was published. (D.I. 1-1.) Moreover, despite Forbes' removal of the case to this Court and motion to dismiss, Plaintiffs have sought to promptly proceed with discovery so as to bring this case to trial as expeditiously as possible. *See supra*.

*Finally*, Forbes ignores the substantial prejudice to Plaintiffs that a stay will cause. To begin, Plaintiffs have the "right to have [their] case heard expeditiously while this lawsuit is pending," and infringement of that right constitutes prejudice. *Gerald Chamales*, 247 F.R.D. at 455; *Adriana Castro, M.D., P.A. v. Sanofi Pasteur Inc.*, 2012 WL 12918261, at *2 n.2 (D.N.J. July 18, 2012) (similar).

But even more than that, Plaintiffs are suffering ongoing (and accumulating) harm to their reputations (and business) from Forbes' defamatory article—which remains online and unretracted—and the only way to mitigate that harm is to obtain a judgment declaring the falsity of Forbes' defamatory accusations. "Courts have noted that allegations can be a 'cloud on one's reputation,' and unresolved charges can cause 'ongoing reputational harm.' Under such circumstances, being able to defend oneself in a timely manner and seek to clear one's name is an important part of the judicial process." *Crittendon-Morman v. Schuelke*, 2024 WL 5381417, at *3 (D. Colo. Dec. 11, 2024) (citations omitted), *adopted sub nom. Crittendon-Morman v. Lara*, 2025 WL 29736 (D. Colo. Jan. 6, 2025); *Ehrenhaus v. Reynold*s, 965 F.2d 916, 921 (10th Cir. 1992)

("[A]llegations of fraud damage[] the reputation of those accused so long as the lawsuit remains pending."); *Foretich v. United States*, 351 F.3d 1198, 1213 (D.C. Cir. 2003) (recognizing ongoing reputational harm to plaintiff from "unretracted" accusation that he committed a crime). Staying discovery and the efficient progress of this case will thus substantially prejudice Plaintiffs.

**D.    Forbes Will Not Be Prejudiced by Moving Forward With Discovery.**

Finally, a movant's "failure to articulate a clear hardship or inequity [it] would suffer in the absence of a stay ... weigh[s] against granting" a stay. *Cooper Notification*, 2010 WL 5149351, at *2; *Personalized User Model*, 2012 WL 5379106, at *1.

Forbes cannot demonstrate such hardship. Its only attempt to do so is its contention that it will have to "expend resources to litigate" this case. (D.I. 18 at 7.) But even if discovery "may bring significant cost and burden"—which Forbes has not shown—that is insufficient to justify staying discovery. *Westinghouse*, 2019 WL 126192, at *1; *see also United Healthcare*, 2023 WL 6558058, at *2 (holding defendants' argument that "discovery will be extensive and expensive" insufficient to demonstrate hardship warranting stay); *Richardson*, 2016 WL 4478839, at *2 ("[T]he defendant would not be prejudiced if the stay is denied because it would experience no harm by engaging in discovery and motion practice."); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 448 (D.N.J. 2014) (The "burden and cost of proceeding in ... litigation falls far short of 'a clear case of hardship or inequity.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936))); *Westinghouse*, 2019 WL 126192, at *2 (a party may seek relief for unduly burdensome discovery requests without resorting to a stay).

## CONCLUSION

"[I]t is the court's foremost obligation to see litigations through to trial in a timely and efficient manner." *Personalized User Model*, 2012 WL 5379106, at *2. Forbes fails to satisfy its

unacknowledged burden to demonstrate that discovery should be stayed. Forbes' Motion to Stay should be denied and discovery should proceed in the ordinary course.

Dated: February 28, 2025

Respectfully submitted,

FARNAN LLP

_/s/ Brian Farnan_
Brian Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Fl.
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Thomas A. Clare, P.C. (*pro hac vice*)
Joseph R. Oliveri (*pro hac vice*)
David Sillers (*pro hac vice*)
Kathryn G. Humphrey (*pro hac vice*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: joe@clarelocke.com
Email: david@clarelocke.com
Email: kathryn@clarelocke.com

*Attorneys for Plaintiffs Adam D. Ferrari
and Phoenix Energy One, LLC (f/k/a
Phoenix Capital Group Holdings, LLC)*

10