**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADAM D. FERRARI and PHOENIX CAPITAL GROUP HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FORBES MEDIA LLC, <br><br> Defendant. | Civil Action No. 25-12-GBW |

---

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss ("Motion to Stay") (D.I. 18), which has been fully briefed (D.I. 24; D.I. 25).[1] For the following reasons, the Court grants Defendant's Motion to Stay.

**I.      BACKGROUND**

The Court writes for the benefit of the Parties and, as such, only briefly sets forth the facts and procedural history necessary for the discussion herein.

On October 8, 2024, Forbes published an article titled "Buyer Beware: These Yield-Gushing Oil Bonds Could Derail Your Retirement" (the "Article"). D.I. 1-1 ¶¶ 6, 60; *see* D.I. 1-1 Ex. A. In the Article, Forbes reports on Phoenix, an oil and gas limited liability company that sells unsecured private placement bonds to finance its operations, and the company's founder, Ferrari. *See* D.I. 1-1 Ex. A.

---

[1] The "Parties" include Plaintiff Adam D. Ferrari ("Ferrari") and Plaintiff Phoenix Capital Group Holdings, LLC ("Phoenix") (together "Plaintiffs" or "Ferrari and Phoenix") and Defendant Forbes Media LLC ("Defendant" or "Forbes").

On December 5, 2024, Ferrari and Phoenix filed a Complaint against Forbes in the Delaware Superior Court. *See* D.I. 1-1. The Complaint asserts two counts of defamation by implication, one against Ferrari, and one against Phoenix. D.I. 1-1 ¶¶ 121-152. Both counts revolve around Ferrari's and Phoenix's belief that the Article inappropriately casts the financing operations of Phoenix as a Ponzi scheme. *See, e.g.*, D.I. 1-1 ¶¶ 123, 139.

On January 6, 2025, Forbes removed the action to this Court. D.I. 1. On January 15, 2025, Forbes filed its Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"). D.I. 8. In its opening brief in support of its Motion to Dismiss, Forbes contends that (1) "[t]he alleged implication of a Ponzi scheme is not reasonably capable of being derived from the Article," (2) "[e]ven if the Article implied a Ponzi scheme, it would be constitutionally protected opinion," and (3) "Plaintiffs do not, and cannot, plead that Forbes published the alleged implication with actual malice." D.I. 9. On February 12, 2025, Ferrari and Phoenix filed an answering brief to Forbes' Motion to Dismiss, opposing each of Forbes' contentions. D.I. 16.

On February 14, 2025, Forbes filed its Motion to Stay. D.I. 18. Therein, Forbes contends that this Court should exercise its discretion to stay discovery pending resolution of Forbes' Motion to Dismiss because (1) granting the stay will simplify issues for trial, (2) the posture of this action is early, and (3) a stay would not cause Ferrari and Phoenix undue prejudice or allow Forbes to gain a clear tactical advantage. D.I. 18. On February 28, 2025, Ferrari and Phoenix filed an answering brief to Forbes' Motion to Stay, opposing each of Forbes' contentions and also asserting that Forbes fails to articulate any hardship in the absence of a stay. D.I. 24. On March 7, 2025, Forbes filed its reply brief in further support of its Motion to Stay.

## II.    JURISDICTION

"The removing party bears the burden to establish federal subject matter jurisdiction." *See Mithril GP Emple. Feeder LLC v. McKellar*, No. 19-cv-2144-RGA, 2021 U.S. Dist. LEXIS

2

143063, at *2 (D. Del. July 30, 2021) (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).  Here, the removing party, Forbes, alleges diversity jurisdiction.  D.I. 1 ¶ 3. Before examining Forbes' specific contentions for diversity jurisdiction, the Court briefly sets forth the law for assessing diversity jurisdiction in cases, like this one, involving limited liability companies ("LLCs").

The "citizenship of an LLC is determined by the citizenship of its members."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  When "an LLC has, as one of its members, another LLC," citizenship "'must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC."  *Id.* at 20 (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

Where, like here, "a defendant limited liability company removes an action on the basis of diversity jurisdiction, it must plead the citizenship of each of its members because it is the proponent of diversity jurisdiction and has that information in its possession." *Weiss v. Friedman Realty Grp., Inc.*, No. 20-cv-3671, 2020 U.S. Dist. LEXIS 166392, at *4-5 (E.D. Pa. Sep. 11, 2020).  Here, Forbes satisfies this obligation, alleging that "Forbes' sole member is Forbes Global Media Holdings, Inc., which is incorporated and has its principal place of business in the British Virgin Islands."  D.I. 1 ¶ 5 (citing the Declaration of Elizabeth Seidlin-Bernstein (D.I. 3)).

In addition, where the plaintiff is a limited liability company, a defendant asserting diversity jurisdiction on removal "need not affirmatively allege the citizenship of each member" of the plaintiff limited liability company to remove the action. *See Lincoln Benefit Life Co. v. AEI*

*Life, LLC*, 800 F.3d 99, 102 (3d Cir. 2015).[2]  Indeed, these "members may be unknown to

the [defendant] even after a diligent . . . investigation." *See id.*  Accordingly, "if the [defendant]

is able to allege in good faith, after a reasonable attempt to determine the identities of the members

of the [plaintiff limited liability company], that [the defendant] is diverse from all of those

members [of the plaintiff limited liability company], [defendant's] [notice of removal] will survive

a facial challenge to subject-matter jurisdiction." *See id.*  "If the [plaintiff] thereafter mounts a

factual challenge, the [defendant] is entitled to limited discovery for the purpose of establishing

that complete diversity exists." *See id.*

    Here, Phoenix is a limited liability company. D.I. 1 ¶ 7.  Forbes alleges in its Notice of

Removal that Phoenix's "sole member is Phoenix Equity Holdings, LLC" ("Phoenix Holdco").

D.I. 1 ¶ 8.[3]  Forbes also alleges that "Phoenix Holdco's members include Lion of Judah Capital,

LLC, Curtis Allen, and Sean Goodnight." D.I. 1 ¶ 9.  Forbes also alleges that, on information and

belief, "Curtis Allen is a citizen of California" and "Sean Goodnight is a citizen of Colorado." D.I.

1 ¶¶ 11-12.[4]  Forbes also alleges that "the members of Lion of Judah Capital, LLC are Daniel

---

[2] While *Lincoln* concerned a plaintiff alleging the citizenship of a defendant LLC, the same logic applies to a defendant, on notice of removal, alleging the citizenship of a plaintiff LLC. *See Mithril GP*, 2020 U.S. Dist. LEXIS 104382, at *3 (explaining that the "same logic" from *Lincoln* "applies to remand decisions").

[3] In making its allegations concerning the membership of Phoenix, Forbes relies on Phoenix's December 27, 2024 Amendment No. 1 to Form S-1 Registration Statement (the "S-1 Filing"). *See, e.g.*, D.I. 1 ¶ 8 (citing D.I. 3-1 Ex. A).  The Court judicially notices the S-1 Filing. *Talbert v. Dep't of Corr.*, No. 23-cv-0410, 2024 U.S. Dist. LEXIS 24495, at *4 (M.D. Pa. Feb. 12, 2024) (judicially noticing a settlement agreement for the purpose of assessing jurisdiction); *Schaper v. Lensar, Inc.*, No. 23-cv-692-JLH, 2024 U.S. Dist. LEXIS 208786, at *6 (D. Del. Nov. 18, 2024) ("[I]t is well established that SEC filings . . . are matters of public record of which the court can take judicial notice." (cleaned up)).

[4] *See Lincoln Benefit*, 800 F.3d 99, 107 n.31 (noting, in the context of discussing allegations concerning the members of the opposing party's limited liability company, that "[s]everal Courts of Appeals accept allegations 'on information and belief' when the facts at issue are peculiarly within the [opposing party's] possession"); *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x

4

Ferrari and Charlene Ferrari, both of whom are Illinois citizens." D.I. 1 ¶ 10; *see* D.I. 3-1 Ex. A at 4 ("Daniel Ferrari and Charlene Ferrari each own 50% of the voting membership interest in, and are the managers of, LCJ [i.e., Lion of Judah Capital, LLC]."). Forbes also alleges that, on information and belief, "no other members of Phoenix Holdco are citizens of the British Virgin Islands or any other foreign state." D.I. 1 ¶ 13. Finally, Forbes alleges that Ferrari is a citizen of California. D.I. 1 ¶ 6 (citing D.I. 1-1 ¶ 13). Ferrari and Phoenix do not contest any of Forbes' jurisdictional allegations.

On the basis of the foregoing, Forbes sufficiently alleges diversity under 28 U.S.C. § 1332(a), since Forbes (a citizen of the British Virgin Islands) is diverse from Ferrari and the members of Phoenix that Forbes identified (citizens of California, Colorado, and Illinois). As to the amount in controversy, it "must appear to a legal certainty that the claim is really for less than" $75,000 "to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999). Here, no such certainty exists and neither party contends otherwise. *See, e.g.*, D.I. 1 ¶ 15 ("Plaintiffs do not specify the amount of damages they seek. However, they allege that Forbes' publication of a news article 'caused enormous economic harm to' them.").

## III.    LEGAL STANDARD

"District courts retain broad discretion to manage the docket and resolve discovery disputes." *Elfar v. Twp. of Holmdel*, No. 24-cv-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025); *accord IBM v. Zynga Inc.*, No. 22-cv-590-GBW, 2023 U.S. Dist. LEXIS 213050, at *2 (D. Del. Nov. 30, 2023) ("A court has discretionary authority to grant a motion to stay." (citing

---

263, 268 (3d Cir. 2016) (citing *Lincoln Benefit* and holding: "Here it is undisputed that the EBITDA information is solely within Clondalkin's control. Therefore, McDermott may plead allegations based upon information and belief, so long as he does not rely on boilerplate and conclusory allegations and he accompanies his legal theory with allegations that make his theoretically viable claim plausible.").

*Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990))). "Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *IBM*, 2023 U.S. Dist. LEXIS 213050, at *2-3 (citing *inter alia*, *Am. Axle & Mfg. Inc. v. Neapco Holdings LLC*, No. 15-cv-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021)). "A district court must assess each case on its own merits, and must also be mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims." *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. 17-cv-1687-LPS-CJB, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019).

Ferrari and Phoenix assert that Forbes must show "good cause" to obtain a stay. *See, e.g.*, D.I. 24 at 1. However, the cases upon which Ferrari and Phoenix rely for this "good cause" standard are from the U.S. District Court for the District of New Jersey, and this Court is not obligated to adopt the standards set forth in those decisions. *See Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same [district] judge in a different case." (alteration in original) (quoting *Camreta v. Greene*, 563 U.S. 692 (2011)).

## IV.    DISCUSSION

As discussed in greater detail below, all of the factors informing the Court's decision weigh in favor of granting Forbes' Motion to Stay pending resolution of Forbes' Motion to Dismiss.

## A.    A Stay Could Simplify Issues for Trial

Forbes contends that "[a] stay has the potential to simplify the issues in this case because Forbes' motion to dismiss challenges the legal sufficiency of Plaintiffs' entire Complaint" and, "if granted, will dispose of the entire case." D.I. 18 at 4, 5.  In support, Forbes quotes the Third Circuit decision in *Mann v. Brenner* for the holding that "it may be appropriate to stay discovery while evaluating a motion to dismiss" that would render discovery "futile."  D.I. 18 at 4 (quoting 375 F. App'x 232, 239 (3d Cir. 2010)).  Forbes also quotes this Court's decision in *Bataan Licensing LLC v. DentalEZ, Inc.* for the holding that the "possibility of entirely disposing of the case—and realizing such a benefit at a very early stage—is compelling to warrant a stay."  D.I. 18 at 4-5 (quoting No. 22-cv-238-GBW, 2023 U.S. Dist. LEXIS 4058, at *6-7 (D. Del. Jan. 10, 2023)).

Ferrari and Phoenix, in contrast, contend that the potential to dispose of the entire case "is true of every potentially dispositive motion" and quote *Kiley v. Tumino's Towing, Inc.* from the U.S. District Court for the District of New Jersey for the proposition that "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." D.I. 24 at 3 (quoting 2019 WL 2432121, at *2 (D.N.J. June 10, 2019)).  Ferrari and Phoenix also quote this Court's decision in *Cipla USA, Inc. v. Ipsen Biopharms., Inc.* for the holding that, in evaluating this factor, the Court "must assess *all* of the possible outcomes of [the decision on the motion to dismiss] not just the potential outcome most favorable to the party seeking the stay." D.I. 24 at 3-4 (alteration in original) (quoting 2022 WL 3139096, at *2 (D. Del. Aug. 5, 2022)).

In the present action, as in *Bataan Licensing*, "the fact that [Forbes'] Motion to Dismiss, if resolved in its favor, would be entirely case-dispositive as to the only [claims at issue], is certainly a fact inuring to [Forbes'] benefit." *See* 2023 U.S. Dist. LEXIS 4058, at *2.  As this Court explained in *Bataan Licensing*, "there is no question that . . . the Court has the discretion to conclude that 'a stay is favored if a pending motion to dismiss would render all discovery futile if

7

granted.'" 2023 U.S. Dist. LEXIS 4058, at *3 (citing *inter alia*, *Mann*, 375 F. App'x 232, 239). While the Court does not perform a robust examination of the merits of Forbes' Motion to Dismiss for the purpose of this Memorandum Order, preliminary review suggests that Forbes has presented at least a cogent argument. Ultimately, "the prospect of simplification if a stay is granted [here] is very real" since granting Forbes' Motion to Dismiss "would effectively terminate this litigation." *See* 2023 U.S. Dist. LEXIS 4058, at *4. In so concluding, the Court considers all of the possible outcomes of Forbes' Motion to Dismiss and, as explained above, disregards the "good cause" standard offered by Plaintiffs.

Ferrari's and Phoenix's remaining arguments are unavailing. *First*, Ferrari and Phoenix contend that "courts have generally held that a stay will simplify the issues for trial when patent cases involve a validity/invalidity determination that could moot fact-specific infringement claims, when there is a parallel or underlying case or proceeding that will resolve issues relevant to the case, or when the plaintiff seeks discovery for an improper purpose." D.I. 24 at 4 (citations omitted). Regardless, this alleged practice does not preclude a stay where, like here, the issues may be simplified by a stay.

*Second*, Ferrari and Phoenix contend that "it is imperative that the parties promptly begin discovery because, as courts in Delaware and elsewhere have repeatedly recognized, 'defamation claims are fact intensive' and require substantial record development before summary judgment and trial." D.I. 24 at 4. However, setting aside the problems with the citations upon which Ferrari and Phoenix rely to support this contention, if Ferrari and Phoenix establish the sufficiency of their claims, Ferrari and Phoenix will have every opportunity to develop the record.

*Third*, Ferrari and Phoenix also note that "Forbes' motion to dismiss 'is not [even] truly case dispositive' because 'Plaintiff[s] may well cure [any] pleading deficiencies identified by

[Forbes],' if the Court believes there are any." D.I. 24 at 3 n.2 (quoting *Safe Haven Baby Boxes v. Safe Haven for Newborns Gloria M. Silverio Found.*, No. 24-cv-51-JLB-KCD, 2024 WL 4416815, at *1-2 (M.D. Fla. Oct. 4, 2024)). However, "[a]rguments in footnotes," like this one, "are forfeited." *See Novartis Pharms. Corp. v. MSN Pharms. Inc.*, No. 20-md-2930-RGA, 2024 U.S. Dist. LEXIS 204351, at *11 (D. Del. Nov. 8, 2024) (citing *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023)). In addition, the case upon which Ferrari and Phoenix rely (*Safe Haven*) is, at most, persuasive authority. *See Daubert*, 861 F.3d 382, 395; *Wahl Clipper Corp. v. Conair Corp. & Conair LLC*, No. 23-cv-00114-JCG-LDH, 2024 U.S. Dist. LEXIS 23526, at *2 (D. Del. Jan. 16, 2024) (confirming that out-of-circuit cases "are not binding on this Court").

For the foregoing reasons, this factor weighs in favor of a stay.

**B.      The Status of the Litigation Favors a Stay**

Forbes contends that "[t]his case is in its earliest stages" in that the case "was filed less than three months ago, there is no scheduling order, and discovery has not commenced." D.I. 18 at 5. Forbes also contends, quoting *Bataan Licensing*, that "[g]iven that the Court and the parties have 'invested relatively few resources' to date, 'this factor strongly favors a stay.'" D.I. 18 at 5 (quoting 2023 WL 143991, at *4). In their opposition brief, Ferrari and Phoenix concede that "a case being in its early stages may . . . favor a stay insofar as the parties have 'invested relatively few resources' [in the case] to date." D.I. 24 at 5.

While some discovery has commenced (*see* D.I. 24 at 5-6), the Parties are correct that the posture of this action is early. Ferrari and Phoenix filed their Complaint on December 5, 2024. D.I. 1-1. The Court has not scheduled a trial date. "[D]iscovery is in its infancy, with the parties having only exchanged their initial disclosures" and Plaintiffs having only served discovery requests and proposed a scheduling order. *See* 2023 U.S. Dist. LEXIS 4058, at *4. Accordingly,

as in *Bataan Licensing*, "[t]here is no question that this case is in its very early stages." *See* 2023 U.S. Dist. LEXIS 4058, at *4. Thus, this factor favors a stay.

Ferrari's and Phoenix's contentions to the contrary are unavailing. *First*, Ferrari and Phoenix contend that a motion to stay pending resolution of a motion to dismiss under Rule 12(b)(6) will necessarily always occur when relatively few resources have been invested. D.I. 24 at 5. Not so. On remand from a U.S. Court of Appeals, for example, a motion to dismiss may arise after the parties have invested substantial resources in a case. *Second*, Ferrari and Phoenix again trumpet the out-of-circuit holding from *Kiley* that "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." D.I. 24 at 5 (citation omitted). However, the Court considers in this Memorandum Order more than the filing of Forbes' Motion to Dismiss (and, as discussed above, the Court disregards the "good cause" standard from *Kiley*). *Third*, Ferrari and Phoenix again contend that "defamation claims are fact-intensive" and thus "it is critical that the parties begin discovery promptly." D.I. 24 at 6. As the Court explained above, however, if they establish the sufficiency of their claims, Ferrari and Phoenix will have every opportunity to develop the record.

Thus, for all the foregoing reasons, the status of the litigation weighs in favor of a stay.[5]

**C.    Ferrari and Phoenix Will Not Suffer Undue Prejudice and Forbes Will Not Gain a Clear Tactical Advantage as a Result of the Stay**

Forbes contends that "[a] stay pending resolution of the motion to dismiss would not prejudice Plaintiffs or give Forbes any tactical advantage." D.I. 18 at 6. Forbes adds that "[t]he

---

[5] Given the Court's resolution of this factor, the Court does not consider every argument raised by Forbes, or the counter-arguments raised by Ferrari and Phoenix. *See, e.g.*, D.I. 18 (asserting: "Furthermore, Plaintiffs are likely to seek discovery of the identities of Forbes' sources and unpublished newsgathering materials, which are subject to a reporter's privilege under the First Amendment and state law.").

parties are not competitors" and that "[t]here is no threat that evidence will turn stale or be lost during the stay." D.I. 18 at 6. In support of the latter, Forbes observes that "[t]he Article was published just four months ago" and asserts that "Forbes is complying with its duty to preserve evidence." D.I. 18 at 6-7. In addition, Forbes contends that "Plaintiffs have not identified any urgency in bringing this claim to trial" and that "should they ultimately prevail in this case and win damages, they would be entitled to recover interest accrued during the stay." D.I. 18 at 7.

In contrast, Ferrari and Phoenix quote this Court's decision in *RideShare Displays, Inc. v. Lyft, Inc.* for the holding that "delay inherently harms a non-moving party by prolonging resolution of the dispute, even if the party is not currently a direct competitor." D.I. 24 at 7 (quoting No. 20-cv-1629-RGA-JLH, 2021 WL 7286931, at *2 (D. Del. Dec. 17, 2021)); *see* D.I. 24 at 8 (contending also that "Plaintiffs have the right to have their case heard expeditiously while this lawsuit is pending and infringement of that right constitutes prejudice" (cleaned up)). Ferrari and Phoenix similarly contend that "Plaintiffs are suffering ongoing (and accumulating) harm to their reputations (and business)" and that "the only way to mitigate that harm is to obtain a judgment declaring the falsity of Forbes' defamatory accusations." D.I. 24 at 8.[6]

Ferrari and Phoenix also contend that, even if Forbes is preserving discovery, this case will involve non-party discovery and, in any event, Phoenix and Ferrari will suffer prejudice because,

---

[6] In support of this contention, Ferrari and Phoenix rely on three decisions from outside of the Third Circuit (D.I. 24 at 8-9), which, as discussed above, are only persuasive authority. *See Daubert*, 861 F.3d 382, 395; *Wahl Clipper Corp.*, 2024 U.S. Dist. LEXIS 23526, at *2. In addition, these cases do not relate to, as Forbes observes (D.I. 25 at 5), discovery stays or defamation. *See Crittendon-Morman v. Schuelke*, No. 23-cv-02630-CNS-MDB, 2024 WL 5381417, at *3 (D. Colo. Dec. 11, 2024) (considering motion to dismiss Section 1983 case for lack of prosecution); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992) (considering district court's discretion to dismiss securities fraud complaint with prejudice as discovery sanction); *Foretich v. United States*, 351 F.3d 1198, 1213 (D.C. Cir. 2003) (considering *inter alia* whether plaintiff had standing to challenge legislation as bill of attainder).

during the pendency of a stay, "[m]emories fade, records are lost or destroyed as time wears on, and employees get fired, are transferred, or quit." D.I. 24 at 7-8 (quoting *Richardson v. Verde Energy USA, Inc.*, No. 15-cv-6325, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016)). Ferrari and Phoenix further contend that "Forbes is just wrong that Plaintiffs have not acted with urgency in advancing their claims." D.I. 24 at 8.

The Court credits some of Ferrari's and Phoenix's arguments, including their argument that Ferrari and Phoenix can suffer prejudice from a delay regardless of whether they are competitors with Forbes. However, as this Court has routinely held, delay in circumstances like those present here "does not, by itself, amount to *undue* prejudice." *Bataan Licensing*, 2023 U.S. Dist. LEXIS 4058, at *6 (emphasis added) (collecting cases). Indeed, Ferrari's and Phoenix's "concerns that further delay will prolong the resolution of this litigation can be adequately addressed and remedied through monetary damages if [Ferrari and Phoenix] were to prevail at trial." *Id.* (citing *Celorio v. On Demand Books LLC*, No. 12-cv-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013)); *see Sindi v. El-Moslimany*, 896 F.3d 1, 35 n.15 (1st Cir. 2018) (recognizing "the strong presumption that damages are an adequate remedy for a defamation plaintiff").

In addition, as Forbes observes, "[t]o the extent Plaintiffs are able to articulate [the risk of the loss of evidence from third parties], the Court could authorize Plaintiffs to serve document preservation subpoenas on non-parties while the Motion to Dismiss is pending." D.I. 25 at 5 (citations omitted). Also, that Ferrari and Phoenix have (at least, apparently) acted with urgency in advancing their claims (D.I. 24 at 7) is not in dispute, and Forbes has not asserted otherwise. *See* D.I. 18. However, that urgency alone is not determinative of the Court's analysis of this factor.

Further, Ferrari and Phoenix quote *Cooper Notification, Inc. v. Twitter, Inc.* for the proposition that "a movant's 'failure to articulate a clear hardship or inequity [it] would suffer in the absence of a stay ... weigh[s] against granting' a stay." D.I. 24 at 9 (quoting No. 09-cv-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010)).[7]  However, as this Court recognized in *Cooper Notification*, any failure by Forbes to articulate a clear hardship or inequity that Forbes would suffer in the absence of a stay "is not, by itself, fatal to [Forbes'] motion." *See* 2010 WL 5149351, at *2.  Moreover, as Ferrari and Phoenix concede, Forbes does claim that, absent a stay, it would have to expend significant resources to comply with discovery obligations that may be obviated by Forbes' Motion to Dismiss. D.I. 24 at 9.  For all these reasons, this factor weighs in favor of a stay.

In sum, "the equities [in this action] tilt in [Forbes'] favor." *See Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 353 (D. Del. 2016).  Thus, under the circumstances, the granting of the requested stay is warranted.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (D.I. 18).

\* \* \*

---

[7] Some Courts analyze prejudice to the movant in the absence of a stay as a separate factor in the analysis. *See, e.g.*, *United Healthcare Servs., Inc. v. Teva Pharms. USA, Inc.*, No. 22-cv-6643-EP-MAH, 2023 WL 6558058, at *1 (D.N.J. May 11, 2023).  Here, however, the Court considers them together.

WHEREFORE, at Wilmington this 19th day of March 2025, **IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (D.I. 18) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE